# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VALENTINA J. FROH
        Plaintiff,

    v.                                                Case No. 04-C-646

BRIGGS & STRATTON CORP. et al
        Defendants.

## DECISION AND ORDER

Plaintiff Valentina J. Froh, proceeding pro se, filed this lawsuit and three others against defendants on July 2, 2004. The defendants may be divided into two groups. The first group consists of plaintiff's former employer, Briggs & Stratton Corp., and several Briggs & Stratton employees, David Piel, John Fischer, Scott Langelin, Jean Liston, Carl Rotkowski and Pam Kleinow. I will refer to this group collectively as the "Briggs & Stratton" defendants. The second group of defendants consists of plaintiff's union, PACE Local 7-232 Paper, Allied-Industrial Chemical & Energy Workers International Union, AFL-CIO, CLC ("Local 7-232"), and union officials Michael Merrill and Gwen Janowski. I will refer to this group collectively as the "union defendants."

On July 12, 2004, I granted plaintiff's request to proceed in forma puaperis. In my July order, I also screened plaintiff's complaints pursuant to 28 U.S.C. § 1915(e) and found that plaintiff's initial complaints were so unintelligible that I could not determine whether I had subject matter jurisdiction over her cases or whether she stated any claim upon which relief could be granted. I therefore informed plaintiff of the defects in her pleadings and provided her with sixty days to file an amended complaint. Plaintiff filed an amended

complaint on September 16, 2004,[1] in which she asserts eight claims against defendants and labels them as follows: (1) unfair labor practices; (2) age discrimination; (3) intentional infliction of emotional distress; (4) fraud and misrepresentation; (5) retaliation; (6) defamation; (7) negligence; and (8) constructive discharge.

Defendants have all filed motions to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). However, after defendants filed their motions, plaintiff filed several motions to amend her complaint. This decision and order addresses the pending motions.

## I. MOTIONS TO DISMISS

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal of an action under such a motion is warranted only if it is clear that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the plaintiff in this case is proceeding pro se, I am obliged to give her allegations, however inartfully pleaded, a liberal construction. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Pursuant to Fed. R. Civ. P. 8(a)(2), "[a]ll that's required to state a claim in a complaint in federal court is a short statement, in plain (that is, ordinary, nonlegalistic) English, of the legal claim." Kirskey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041

---

[1]Although plaintiff initially filed four separate complaints and the clerk of court assigned her complaints four different case numbers, I instructed plaintiff to file her amended complaint in this case only and include all of the claims she sought to raise in all four cases. Plaintiff followed this instruction and therefore the present case is the only case pending of the four that she filed originally.

(7th Cir. 1999). To survive a motion to dismiss, plaintiffs "don't have to file long complaints, don't have to plead facts, don't have to plead legal theories." Id. Instead, a party may defeat a motion to dismiss the complaint as long as that party can "hypothesize any set of facts consistent with the complaint that shows that the complaint states a claim." Walker v. Thompson, 288 F.3d 1005, 1008 (7th Cir. 2002).

As stated, plaintiff is proceeding pro se, and her filings with the court thus far have been extremely confusing. However, construing plaintiff's pleadings liberally, she has stated valid federal claims against defendants, such as claims for breach of the duty of fair representation and violations of the Age Discrimination in Employment Act. Defendants admit as much in their motions to dismiss by requesting dismissal of these claims not on the basis that plaintiff has failed to state a claim, but on the basis of various affirmative defenses. For instance, the Briggs & Stratton defendants have moved to dismiss plaintiff's claims on the grounds that they are barred by the statute of limitations (R. 26 at 2-3, 7), that plaintiff has failed to exhaust her administrative remedies (id. at 4-5), that they are barred by claim preclusion or res judicata (id. at 5-7), and that they are preempted by Wisconsin's Worker's Compensation Act (id. at 8-9). Further, the union defendants have moved to dismiss plaintiff's claims on the grounds that they are barred by the statute of limitations (R. 30 at 2-6) and are preempted by federal labor law (id. at 6-9).

Ordinarily, however, "[o]rders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses. Complaints need not contain any information about defenses and may not be dismissed for that omission." Xechem, Inc. v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2004) (emphasis in original). "Only when the plaintiff pleads itself

3

out of court – that is, admits all the ingredients of an impenetrable defense – may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." Id. In other words, to dismiss a complaint under Rule 12(b)(6) on the basis of an affirmative defense, the validity of the defense must be both apparent from the complaint itself and unmistakable, "so that the suit is fairly describable as frivolous." Walker, 288 F.3d at 1009-10.

In the present case, because of the confusing nature of plaintiff's filings, I cannot say that plaintiff has pleaded herself out of court by admitting all of the elements of impenetrable affirmative defenses. Although some of plaintiff's allegations indicate that it is likely that plaintiff's claims are subject to defendants' affirmative defenses, at this stage of the case, the validity of these defenses is not so unmistakable that plaintiff's suit is fairly describable as frivolous. Thus, determining whether such defenses are valid must await further factual development, and the appropriate vehicle for the defendants to use in raising their defenses is a motion for summary judgment. Defendants' motions to dismiss on the basis of their affirmative defenses will therefore be denied.

However, the union defendants have raised one ground for dismissing a portion of plaintiff's complaint which I find meritorious. Defendants Merrill and Janowski correctly argue that they cannot be held liable for monetary damages inflicted by their conduct as union agents. Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), states in relevant part, that: "Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets." 29 U.S.C. § 185(b). In Atkinson v. Sinclair Ref. Co., 370 U.S. 238, 249 (1962),

4

overruled on other grounds by Boys Mkts., Inc. v. Retail Clerks Union, Local 770, 398 U.S. 235, 238 (1970), the Supreme Court stated:

> We have already said in another context that § 301(b) at least evidences a congressional intention that the union as an entity, like a corporation, should in the absence of agreement be the sole source of recovery for injury inflicted by it. This policy cannot be evaded or truncated by the simple device of suing union agents or members, whether in contract or tort, or both, in a separate count or in a separate action for damages for violation of a collective bargaining contract for which damages the union itself is liable. (Internal citations omitted.)

And in Complete Auto Transit, Inc. v. Reis, 451 U.S. 401, 415-17 (1981), the Court further stated that union agents and employees may not be found personally liable for damages even if their conduct is not directly authorized by the union. This principle carries over to duty of fair representation claims against union agents. See, e.g., Suwanchai v. Int'l Bhd. of Elec. Workers, Local 1973, 528 F. Supp. 851, 861-62 (D.N.H. 1981). See generally Marrero v. Modern Maint. Bldg. Servs., Inc., 318 F. Supp. 2d 721, 726 (E.D. Wis. 2004).

In the present case, even when construing plaintiff's complaint liberally, I can find no allegations against defendants Merrill and Janowski that do not stem from their conduct as union agents. Thus, plaintiff's claims against such defendants are really claims against the union, for which only the union can be held liable. Accordingly, Merrill and Janowski will be dismissed as defendants in this action.

## II. MOTIONS TO AMEND

As stated, since defendants have filed their motions to dismiss, plaintiff has filed several motions to amend her complaint. However, plaintiff's motions do not conform to Civil Local Rule 15.1, which provides as follows:

> A motion to amend a pleading must specifically state in the motion what changes are sought by the proposed amendments. Any party submitting a

> motion to amend must attach to the motion the original of the proposed amended pleading. Any amendment to a pleading, whether filed as a matter of course or upon motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. If the motion to amend is granted, the clerk must then detach the amended pleading and file it when the order granting the motion to amend is filed.

Plaintiff's proposed amended pleadings seek to add claims and allegations against the defendants, but the amended pleadings do not include the claims that plaintiff stated in her original amended complaint. Thus, if I granted plaintiff's motions, there would not be one complete pleading controlling this litigation but multiple pleadings. Accordingly, because none of plaintiff's amended pleadings constitutes an "entire pleading," Civil L.R. 15.1, I will deny plaintiff's motions to amend her complaint. The operative complaint in this action is still the amended complaint filed on September 16, 2004. Plaintiff is advised that any future motion to amend her complaint must be accompanied by a proposed amended complaint that includes all of the claims that plaintiff seeks to prosecute against all the remaining defendants. Any proposed amended complaint that seeks to incorporate prior pleadings by reference will be summarily rejected.

### III. CONCLUSION

For the reasons stated, defendants motions to dismiss are denied, except that the motion to dismiss Merrill and Janowski as defendants in this action is granted. Plaintiff's motions to amend her complaint are also denied. To facilitate resolution of this case, I will order the remaining defendants to answer the September 16, 2004 amended complaint

6

Case 2:04-cv-00646-LA   Filed 05/27/05   Page 6 of 7   Document 76

within twenty-one days of the date of this order.[2]  Upon receipt of defendants' answers, I will schedule an initial scheduling conference.

**THEREFORE, IT IS ORDERED** that the Briggs & Stratton defendants' motion to dismiss (docket #26) is **DENIED**.

**IT IS FURTHER ORDERED** that the union defendants' motion to dismiss (docket ## 29 & 32) is **GRANTED-IN-PART** and **DENIED-IN-PART** as described above.  Michael Merrill and Gwen Janowksi are **DISMISSED** as defendants in this action.

**IT IS FURTHER ORDERED** that plaintiff's motions to amend her complaint (docket ## 36, 47, 52, 53 & 65) are **DENIED**.

**IT IS FURTHER ORDERED** that the union defendants' motion to amend their motion to dismiss is **GRANTED**.

**FINALLY, IT IS ORDERED** that the remaining defendants **ANSWER** the September 16, 2004 amended complaint within **TWENTY-ONE DAYS** of the date of this order.

Dated at Milwaukee, Wisconsin, this 27 day of May, 2005.

/s_____
LYNN ADELMAN
District Judge

---

[2]The Briggs & Stratton defendants filed a "partial answer" to the September 16, 2004 amended complaint on December 13, 2004, answering only some of the allegations of plaintiff's amended complaint.  These defendants should now file a complete answer to the amended complaint, and pursuant to Civil L.R. 15.1, such answer should not incorporate the December 13, 2004 answer by reference.