# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**VALENTINA FROH,**
            **Plaintiff,**

            **v.**                                        **Case No.  04-C-0646**

**BRIGGS & STRATTON CORP.,**
**et al.,**
            **Defendants.**

---

## DECISION AND ORDER

On July 2, 2004, pro se plaintiff Valentina J. Froh filed complaints against her former employer, Briggs & Stratton Corp. ("Briggs") and a number of its employees, and against her union and some of its officials.  I found the complaints unintelligible and suggested that plaintiff file an amended complaint consolidating her claims, and on September 16, 2004, she did so.  On August 17, 2005, plaintiff filed a second amended complaint.  Defendants now move for summary judgment.

## I.  BACKGROUND

Plaintiff worked for Briggs from 1968 until September 27, 2001.  Defendants David Piel and John Fischer supervised her.  In her last year at work, she had many conflicts with management.  In January 2001, plaintiff filed grievances alleging that Piel and Fischer discriminated against her based on age and that they wrongly denied her overtime hours. In February 2001, Briggs denied plaintiff's age discrimination grievance, and the union declined to pursue it further.  In May 2001, Briggs denied the grievance regarding overtime hours, and the union declined to pursue it further.  In April 2001, plaintiff filed a grievance alleging that Briggs and some of its employees retaliated against her for unspecified

behavior.  In May 2001, Briggs denied the grievance, and the union declined to pursue it further.

In January 2001, plaintiff filed a complaint with the Wisconsin Department of Workforce Development – Equal Rights Division ("ERD"), alleging that Piel discriminated against her based on her age.  Subsequently, she filed a second ERD complaint alleging that Briggs retaliated against her for filing the age discrimination claim.  In June 2001, the ERD dismissed the age discrimination complaint, and in July the EEOC issued a right-to-sue letter.  In August 2001, an ERD investigator found no probable cause on plaintiff's retaliation claim.  Plaintiff appealed the no probable cause determination, and an agency administrative law judge upheld it.  She then appealed to the Wisconsin Labor and Industry Review Commission("LIRC"), which affirmed.  Plaintiff appealed LIRC's decision to circuit court, which also affirmed.  In October 2001, plaintiff brought an action in this district alleging age discrimination against Briggs, and Judge Randa dismissed it.  Plaintiff appealed but subsequently dropped the appeal.

## II.  DISCUSSION

I may grant a motion for summary judgment if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1988).  In considering the motion, I take the facts and all reasonable inferences therefrom in the light most favorable to plaintiff.  Id. at 255.  In the present case, plaintiff alleges a variety of claims including: (1) Fair Labor Standards Act ("FLSA") claims: (2) unfair labor practice claims; (3) national origin and disability discrimination claims under Title VII; (4) disability discrimination claims under the

2

Americans With Disabilities Act ("ADA"); (5) an age discrimination claim under the Age Discrimination in Employment Act ("ADEA"); and (6) a retaliation claim under Title VII. In addition, plaintiff alleges two state law claims over which I have supplemental jurisdiction: a defamation claim and a claim under Wisconsin's Whistleblower Protection Act.

## A. FLSA Claims

The statute of limitations governing an FLSA claim is two years. 28 U.S.C. § 255. Plaintiff's FLSA claims are based on violations that she alleges occurred on January 27, 2001, February 23, 2001, and May 8, 2001. Thus, all the violations that plaintiff alleges are outside the limitation period. Although the limitation period is extended by one year if the violation is willful, plaintiff alleges nothing to suggest that the violations at issue were willful. Further, even if they were willful, they are outside the three-year limitation period.

## B. Unfair Labor Practice Claims

The statute of limitations for an unfair labor practice claim under the National Labor Relations Act is six months, 29 U.S.C. § 160(b), and the statute begins to run when the claimant discovers or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation. Christiansen v. APV Crepaco, Inc., 178 F.3d 910, 914 (7th Cir. 1999). Plaintiff's unfair labor practice claims involve events that allegedly occurred when she was a Briggs employee. Her employment ended on September 27, 2001. Thus, her unfair labor practice claims are time-barred.

## C. Title VII National Origin and Disability Discrimination Claims

A Title VII claimant must file her claim with the appropriate administrative agency within 300 days of the date that she discovered the injury. See Thelen v. Marc's Big Boy

3

<u>Corp.</u>, 64 F.3d 264, 267 (7th Cir. 1995). Plaintiff never filed a national origin or disability discrimination claim with an administrative agency. Thus, her Title VII national origin and disability claims are barred because she failed to timely exhaust her administrative remedies. <u>See</u> <u>Beaman v. Marshall & Ilsley Trust. Co.</u>, 411 F.3d 854, 860 (7th Cir. 2005).

**D.      ADA Claims**

The ADA's enforcement mechanism incorporates the Title VII rules. <u>Stepney v. Naperville School Dist. 203</u>, 392 F.3d 236, 239 (7th Cir. 2004). Thus, plaintiff had to file her ADA claims with the appropriate administrative agency within 300 days of her discovery of the injury. Plaintiff never filed an ADA claim with an administrative agency. Thus, her ADA claims are also barred because of her failure to timely exhaust administrative remedies.

**E.      ADEA Claim**

Federal lawsuits brought under Title VII of the Civil Rights Act of 1964, the ADA, or the ADEA must be filed within 90 days after receiving a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). This limitation is strictly enforced even as to pro se litigants. <u>See, e.g.</u>, <u>Wilson v. Doctors Hosp.</u>, 909 F. Supp 580, 581 (N.D. Ill. 1996). With respect to plaintiff's ADEA claim, the EEOC issued a right-to-sue letter on July 10, 2001. Plaintiff timely filed suit, but Judge Randa dismissed it for failure to state a claim upon which relief could be granted. Plaintiff again brings the ADEA claim in the present suit. Even assuming that her claim is not precluded by Judge Randa's dismissal, it was not brought within ninety days of the issuance of the right to sue letter and thus is time-barred.

4

### F.    Retaliation Claim

As previously indicated, plaintiff also asserts a retaliation claim.  However, she previously asserted this claim before the ERD, which dismissed it.  She then appealed the dismissal to LIRC, which affirmed.  Finally, she appealed LIRC's decision to the circuit court, which also affirmed.  Therefore, plaintiff's claim is barred by res judicata.  "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been litigated." Allen v. McCurry, 449 U.S. 90, 94 (1980).  Because a state court entered a final judgment on plaintiff's retaliation claim, plaintiff is precluded from relitigating it in this court.  See Kremer v. Chem. Const. Corp., 456 U.S. 461, 466-67 (1982).

### G.    State Law Defamation Claim

The statute of limitations for intentional torts in Wisconsin is two years. Wis. Stat. § 893.57 (2003-04).  Plaintiff alleges that Briggs employees defamed her during hearings on her grievances in 2001, more than two years before she filed suit.  Thus, her defamation claim is time-barred.  Even if it is not time-barred, I would decline to exercise supplemental jurisdiction over it. See 28 U.S.C. § 1367 (c)(3).

### H.    Wisconsin Whistleblower Protection Act Claim

Plaintiff appears to attempt to assert a claim under Wisconsin's Whistleblower Protection Act.  However, her claim fails because the statute does not apply to private-sector employees.  Wis. Stat. § 230.80 et seq.  Even if it did, I would decline to exercise supplemental jurisdiction over such claim.  In the event that plaintiff is seeking to make a

claim under OSHA, her claim also fails for a number of reasons, including that the statute affords her no right of action.

### III.  CONCLUSION

For the reasons stated,

**IT IS ORDERED** that defendants' motions for summary judgment are **GRANTED**, and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 3 day of August, 2006.


/s_____
LYNN ADELMAN
District Judge

6